IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Bobby S. Thomas, #281744, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07-1377-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Stan Burtt, Warden of | ) | |
| Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bobby S. Thomas ("Thomas") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Catoe recommends granting the Respondent's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Thomas is currently incarcerated in a facility operated by the South Carolina Department of Corrections ("SCDC"). In July 2001, Thomas was indicted by the Florence County Grand Jury for first degree criminal sexual conduct with a minor, assault and battery with intent to kill, kidnapping, and two counts of unlawful conduct toward a child. (PCR App. 91.) In January

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

2002, Thomas was indicted for lewd act on a minor and first degree burglary. (Id.) Michael S. Bell ("Bell") represented Thomas during the pre-trial stage. (Id.) On February 6, 2002, Thomas pled guilty to all charges, with the exception of the burglary charge, which was reduced to second degree burglary. (Id. 91-92.) The Honorable B. Hicks Harwell, Jr. sentenced Thomas to 30 years' imprisonment for first degree criminal sexual conduct with a minor, 20 years' imprisonment for assault and battery with intent to kill, 30 years' imprisonment for kidnapping, 10 years' imprisonment for each charge of unlawful conduct toward a child, 15 years' imprisonment for lewd act on a minor, and 15 years' imprisonment for second degree burglary, all sentences to run consecutively. (Id. 92.) Thomas appealed his conviction and sentence. (PCR App. 92.)

Tara S. Taggart ("Taggart") represented Thomas on appeal and raised the following issues:

> (1) Whether the trial court lacked subject matter jurisdiction for two counts of unlawful conduct towards a child because the indictment failed to sufficiently state the offense.
>
> (2) Whether appellant's guilty plea should be set aside where two of the seven counts to which he pleaded guilty were improperly before the court, rendering the entire plea involuntary, unknowing and unintelligent.

(Mem. Supp. Summ. J. Ex. 1 (Final Br. of Appellant 3).) The South Carolina Court of Appeals affirmed Thomas's conviction and sentence. State v. Bobby S. Thomas, Op. No. 2003-UP-219 (S.C. Ct. App. Mar. 20, 2003).

In May 2006, Thomas filed an application for post-conviction relief. In his application, Thomas alleged:

> (1) Ineffective assistance of counsel.

      a.      Counsel failed to inform Applicant of the relevant law as it applied to the particular facts and circumstances of Applicant's case and defenses.

      b.      Counsel failed to investigate and inform Applicant of viable defenses.

      c.      Counsel failed to inform Applicant that the statement may be involuntary and inadmissible at trial.

      d.      Counsel failed to argue the Applicant's role with the children as caretaker was incidental and did not rise to the level of parent or guardian.

(2) Ineffective assistance of appellate counsel.

      a.      Failed to raise issue that through Applicant's guilty plea, the state received a substantial benefit and the Applicant was entitled to receive a substantial benefit in return.

(3) Guilty plea was not knowing, voluntary and intelligent through ineffective assistance of counsel.

      a.      Applicant did not have the requisite understanding of the relevant law as applied to the particular facts of Applicant's case and defenses in order to make a knowing and voluntary decision on how to proceed.

(4) Sentencing structure is in violation of the S.C. Constitution.

      a.      Sentencing statute was enacted in violation of the S.C. Constitution.

(PCR App. 64-65.) The respondents filed a return on November 20, 2007. (Id. 66-69.) On October 14, 2004, the Honorable James Brogdon held an evidentiary hearing at which Thomas was present and represented by Scott Floyd. (Id. 70-90.) The court heard testimony from Thomas and Bell. On December 4, 2004, Judge Brogdon entered an order dismissing Thomas's petition. (Id. 91-100.)

Thomas appealed the dismissal of his PCR Application to the South Carolina Supreme Court. Robert M. Pachak ("Pachak") represented him on appeal. On June 1, 2005, Pachak filed a Johnson petition for writ of certiorari and petition to be relieved as counsel, asserting as the sole arguable claim "[w]hether petitioner's guilty plea complied with the mandates of Boykin v. Alabama." (Mem. Supp. Summ. J. Ex. 6 (Pet. for Writ of Cert. 3).) Thomas filed a pro se petition in response on July 11, 2005, asserting that

> (1) The Post Conviction Relief hearing judge erred in denying Petitioner relief when the evidence Supports that trial counsel had misinformed petitioner that he would receive a lighter sentence if he pled guilty.
>
> (2) The Post Conviction Relief hearing judge erred in denying relief when the evidence clearly reveals that Petitioner's testimony established prejudice.

(Id. Ex. 7 (Pro Se Pet. for Writ of Cert. 3).) On November 2, 2006, the South Carolina Supreme Court entered an order denying the petition and granting Pachak's request to be relieved pursuant to Johnson v. State, 364 S.E.2d 201 (1988). (Id. Ex. 8 (Nov. 2, 2006, Order 1).) The remittitur was entered on November 20, 2006. (Id. Ex. 9 (Nov. 20, 2006, Remittitur 1).)

Thomas filed the instant § 2254 petition on May 14, 2007.[2] In his petition, Thomas raised five grounds:

> (1) The lower court decision was contrary to well established federal law in denying Petitioner relief when the evidence supports that trial counsel had misinformed Petitioner he would receive a light sentence if he pled guilty?
>
> (2) The lower court decision was contrary to well established federal law in denying Petitioner relief when the evidence clearly reveals that Petitioner's testimony established prejudice?
>
> (3) The lower court decision was contrary to well established federal law with the mandates set forth in Boykin v. Alabama?

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

    (4)    Did the lower court lack subject matter jurisdiction for two counts of unlawful conduct towards a child because the indictment failed to sufficiently state the offense?

    (5)    Did the lower court err in denying that petitioner's guilty plea should be set aside where two of the seven counts to which he pled guilty were improperly before the court, rendering the entire plea involuntary, unknowing, and unintelligent?

(Thomas's Mem. Supp. § 2254 Pet. 2-3.)

On October 15, 2007, the Respondent filed a motion for summary judgment. The court notified Thomas of summary judgment procedures pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on October 16, 2007. Thomas filed his opposition to the summary judgment motion on November 19, 2007. On March 3, 2008, Magistrate Judge Catoe entered his Report and Recommendation recommending that the Respondent's motion for summary judgment be granted. Thomas filed objections to the Report and Recommendation on April 3, 2008.[3]

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed

---

[3] See Houston v. Lack, 487 U.S. 266 (1988).

and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Thomas has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006). With respect to reviewing the state court's application of federal law, "'[A] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Thomas's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

Thomas filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Thomas's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Thomas specifically objects to the Magistrate Judge's conclusions (1) that Bell was not constitutionally ineffective; and (2) that because Bell was not constitutionally ineffective, Thomas's claim that he established Sixth Amendment prejudice fails.

### D. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Thomas must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Thomas must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Thomas alleges that Bell was ineffective by advising him that he would receive a "lighter" sentence if he pled guilty. (Objections 2.) As a result, Thomas alleges that his guilty plea was not knowing, voluntary, and intelligent. (Id. 5.)

Thomas's argument that his plea was not voluntary and knowing is without merit. In his state PCR action, the judge rejected this claim finding that:

> The allegation that trial counsel's representation fell below reasonable
> professional norms is without merit. This Court finds that trial counsel made
> every effort to work out a deal for the Applicant, but that these efforts failed,

8

>largely because the solicitor was not willing [to] offer the Applicant a deal due to the nature of the offenses. Trial counsel explained the charges and sentences to the Applicant. He advised the Applicant that the only possibility of someday getting out of prison would be *if* the judge would run the sentences concurrently. This Court finds that trial counsel rendered reasonable assistance to the Applicant and that he demonstrated skill, knowledge and professional judgment in his efforts to help the Applicant in a very difficult case with many aggravating factors.

(PCR App. 98.) The court finds the PCR court's decision was not contrary to, nor did it involve an unreasonable application of clearly-established federal law as determined by the Supreme Court of the United States.

"[I]n order to be valid, a plea of guilty must be knowingly and voluntarily made." Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotations marks and citations omitted). A review of Thomas's testimony during his guilty plea reveals that he knowingly and voluntarily pled guilty. During the plea colloquy, Thomas testified that Bell had explained the charges to him and that he understood the possible punishments and his constitutional rights. (PCR App. 24-25.) Thomas testified that he understood that by pleading guilty, he was giving up the right to subpoena and call witnesses and the right to pursue any possible defenses. (Id. 19-21.) Thomas stated that he understood the charges and the possible sentence, including the maximum possible penalty, and that the judge could choose to impose the sentences concurrently. (Id. 14-19.) Moreover, Thomas admitted that he was guilty of the charges. (Id. 26.) Thomas testified that he was satisfied with Bell's advice and representation, that he had no complaints of his lawyer, and that no one, including his

lawyer, promised him, threatened, him, or did anything to coerce him to plead guilty. (Id. 23-24.)

Further, Thomas's claim that he was prejudiced because his guilty plea was involuntary as a result of ineffective assistance of counsel is without merit. "To attack the plea [based on the ineffective assistance of counsel], [Thomas] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Center, 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted).

The PCR court's finding that Bell did not render ineffective assistance of counsel was supported by Bell's testimony at the PCR hearing that Thomas faced "extremely serious charges" involving a seven-year-old victim "that suffered tremendous physical damage, psychological damage." (PCR App. 80.) Given the severity of the criminal sexual conduct charges, Bell stated that he informed Thomas that he would probably be given the maximum sentence on all charges if he went to trial, and that his only hope would be to plead guilty and ask the court for concurrent sentences. (Id. 82, 85.) Further, Bell informed Thomas that even if he received concurrent sentences, he could still be imprisoned "forever" under South Carolina's Sexual Predator Law, and that despite his request, the judge could decide to impose consecutive sentences. (Id. 83, 86.)

In addition, Thomas testified at the PCR hearing that he understood the concept of consecutive sentences and concurrent sentences and denied that Bell explicitly promised him that he would receive concurrent sentences. (Id. 77.) To the extent Thomas alleged that Bell misled him into believing that he would receive less time than he received, the PCR did not find this allegation credible. "Credibility determinations, such as those the state PCR court made regarding [Thomas], are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). "As such, they are presumed to be correct absent clear and convincing evidence to the

10

contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." Id. (internal quotation marks omitted). Thomas has presented no clear and convincing evidence that Bell misled him into believing he would receiver a lower sentence if he pled guilty. Further, as discussed above, Thomas's testimony during his guilty plea reveals that he knowingly and voluntarily pled guilty. Based on the foregoing, there is no evidence that Bell's advice to plead guilty constituted ineffective assistance of counsel or that Thomas did not knowingly and voluntarily plead guilty. Therefore, the court finds the PCR court's decision was not contrary to, nor did it involve an unreasonable application of clearly-established federal law as determined by the Supreme Court of the United States.

### E.  Sixth Amendment Prejudice

Second, Thomas objects to the Magistrate Judge's finding that because he failed to prove deficient performance by Bell or any reasonable probability that but for Bell's actions he would have insisted on going to trial, his claim of Sixth Amendment prejudice also fails. (Objections 3-4.) As discussed above, the court agrees with the Magistrate Judge that Bell's claim of ineffective assistance of counsel with regard to his guilty plea fails. Therefore, for the reasons set forth above, the court finds that Thomas has failed to establish any Sixth Amendment violations prejudicial to Thomas's defense. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 20, is granted.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
April 9, 2008

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.